IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JEFFREY STRASSER, )<br>    Plaintiff, )<br>                    )  No.<br>    v. )<br>CITY OF MILWAUKEE, )<br>Officer Eric Ratzmann, )<br>Officer Ryan Young, )<br>Officer Ray Bogust, )<br>and Sergeant Thomas Johnson )<br>                    )  JURY TRIAL DEMANDED<br>    Defendants. ) | |

**COMPLAINT**

NOW COMES Plaintiff, JEFFREY STRASSER, and complaining of Defendants Ratzmann, Young, Bogust, Johnson and the City of Milwaukee states as follows:

**Introduction**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**Jurisdiction and Venue**

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in Milwaukee County, and the events giving rise to the claims asserted herein all occurred within this district.

**Parties**

4. Plaintiff Jeffrey Strasser is a resident of the City of Racine, Wisconsin.

5. Defendant Officers Ratzmann, Young, Bogust, and Johnson were Milwaukee police officers at all times relevant to this action, acting under color of law and within the scope of their employment as Milwaukee police officers.

6. The City of Milwaukee is a Wisconsin municipal corporation with its principal place of business in Milwaukee, Wisconsin.

**Facts**

7. Plaintiff Jeffrey Strasser is an automobile mechanic from Waukesha, Wisconsin and father of two young children.

8. On April 12, 2012, Mr. Strasser was in downtown Milwaukee to celebrate a friend's birthday.

9. Mr. Strasser left the establishment where he and his friend were celebrating and drove his friend's car a few blocks in order to find a new parking spot for the vehicle.

10. As Mr. Strasser was parking the car, Defendant Milwaukee police officers Ratzmann and Bogust ran toward the vehicle with guns drawn and attempted to break its windows. Officer Ratzmann opened the car door, hit Mr. Strasser, and pulled Mr. Strasser from the vehicle.

11. Defendant Ratzmann then threw Mr. Strasser to the ground and hit him several times.

12. Defendants Young, Bogust, and Johnson were present when Defendant Ratzmann punched Mr. Strasser and did nothing to stop him.

13. The beating was captured on video tape which depicts the misconduct by Defendant Officers.

14. As a result of Defendants' actions, Plaintiff suffered physical and emotional injuries.

## Count I--42 U.S.C. § 1983
## Excessive Force

15. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

16. As described in the preceding paragraphs, the conduct of the Defendant Ratzmann toward Plaintiff constituted excessive force in violation of the United States Constitution.

17. The misconduct described in this Count was objectively unreasonable and undertaken with malice, willfulness, and reckless indifference to the rights of others.

18. The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Milwaukee in that:

    a. As a matter of both policy and practice, the City of Milwaukee encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise,

control and discipline its officers such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the City of Milwaukee facilitates the very type of misconduct at issue here by failing to adequately investigate, punish, and discipline prior instances of similar misconduct, thereby leading Milwaukee police officers to believe their actions will never be meaningfully scrutinized and, in that way, directly encouraging future abuses such as those Plaintiff complains of;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Milwaukee Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Milwaukee Police Department investigates officer misconduct and makes findings of wrongdoing in a disproportionately small number of cases;

    d. To illustrate, in an October 27, 2013 Milwaukee Journal Sentinel article, Milwaukee Police Chief Edward Flynn revealed that up until late 2013, the Milwaukee Police Department did not require

officers to document the use of force incidents such as instances where officers used "hands-on" force.

  e. According to Chief Flynn, without this information, Milwaukee Police Department supervisors cannot even determine whether specific instances of use of force were reasonable. Chief Flynn further stated that there were many "critical incidents" where no reports exist, and acknowledged that a wide "gap" existed between the Department's written policies relating to the use of force and the day-to-day practices of the Milwaukee Police Department.

  f. The Department's failure to adequately document and investigate misconduct and to control its officers is not limited to instances where officers abuse citizens through the use of excessive force. In July 2011, Milwaukee police officers ignored the pleas of a young man named Derek Williams as he suffocated to death in the back of a police squad car. The sergeant in charge at the scene after Williams's death did not write a single report about the death-in-custody. Moreover, neither officer was disciplined for ignoring the Williams's cries for help, despite video evidence of the same.

g. The Milwaukee Police Department's failure to investigate police misconduct and to control its officers is further illustrated by its handling of Milwaukee Police Officer Michael Vagnini, who was convicted criminally in 2012 of carrying out illegal body cavity searches of Milwaukee citizens.

h. In a Milwaukee Journal Sentinel article dated April 21, 2013, Chief Flynn admitted that the Department had been receiving complaints about the unlawful searches for a "couple of years" before it opened its own investigation. In this way, the Milwaukee Police Department's failure to investigate and control its officers allowed Officer Vagnini's criminal misconduct against Milwaukee citizens to continue unabated for years.

i. In fact, the Milwaukee Police Department encouraged Vagnini's conduct by rewarding him with commendations for aggressive police tactics and jobs well done.

j. Similarly, Milwaukee police officer Ladmarald Cates was convicted criminally for sexually assaulting a Milwaukee citizen in 2010 after she called police to her home for help. Although the Milwaukee Police Department had notice that Officer

Cates was implicated in three prior reported incidents of violence and sexual misconduct against women, the Milwaukee Police Department failed to remove him from the police force or adequately discipline him prior to the 2010 sexual assault.

    k.    In a Milwaukee Journal Sentinel article dated February 12, 2011, Chief Flynn acknowledged that Cates's history demonstrated an "obvious pattern" of misconduct that the department "overlooked."

    l.    Even when an adequate investigation of police misconduct is conducted, the Milwaukee Police Department ignores results of the investigation.

    m.    For example, in 2003, Justin Fields was shot in the back by Milwaukee police officer Craig Nawotka. Although a sergeant's investigation of the shooting revealed that the shooting was outside of Department policy, the Department ignored the findings of the investigation.

    n.    Furthermore, in 2008, litigation relating to the Fields shooting revealed evidence that the Milwaukee Police Department had a policy of inadequately investigating police misconduct allegations, thereby allowing police officers to engage in excessive force with impunity.

19. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and under color of law such that their employer, City of Milwaukee, is liable for their actions.

20. As a result of the City of Milwaukee's policy and practice and the unjustified and unreasonable conduct of the Defendant Officers, Plaintiff has suffered injuries, including emotional distress.

## Count II--42 U.S.C. § 1983
## Failure to Intervene

21. Each Paragraph of this Complaint is incorporated as if fully stated herein.

22. As described more fully above, one or more of the Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had he or she been so inclined, but failed to do so.

23. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

24. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Milwaukee, is liable for their actions.

25. The misconduct described in this Count was undertaken pursuant to the custom, policy, and/or practice of the City of Milwaukee, such that Defendant City of Milwaukee is also liable, as described in Paragraph 18.

26. As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

## Indemnification

27. Each Paragraph of this Complaint is incorporated as if fully stated herein.

28. Wisconsin law, Wisc. Stat. §895.46, requires public entities to pay any tort judgment for damages for which employees are liable within the scope of their employment activities.

29. The Defendant Officers are or were employees of the Milwaukee Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, JEFFREY STRASSER, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF MILWAUKEE, RATZMANN, YOUNG, BOGUST, and JOHNSON awarding compensatory damages and attorneys' fees, as well as punitive damages against the Defendant Officers, as well as any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, JEFFREY STRASSER, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/s/ Theresa Kleinhaus

Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Elizabeth Mazur
Theresa Kleinhaus
LOEVY & LOEVY
312 North May, Suite 100
Chicago, IL 60607
(312) 243-5900

Robin Shellow
324 West Vine Street
Milwaukee, Wisconsin 53212
(414) 263-4488