UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

JEFFREY STRASSER

        Plaintiff,

v.                                                         Case No. 14-CV-1456

ERIC RATZMANN and
RAY BOGUST

        Defendants.

---

## DEFENDANTS' RESPONSE BRIEF REGARDING
## THOMAS JOHNSON'S TESTIMONY

---

        The defendants, by their attorney, Grant F. Langley, City Attorney, by Assistant City Attorneys Naomi E. Gehling and Elleny B. Christopoulos, submit the following responsive brief to the plaintiff's Motion in Limine No. 12 to exclude testimony from Thomas Johnson as irrelevant. (ECF No. 86).

**I.    Johnson's Testimony Is Relevant to the Issue of Credibility.**

        Thomas Johnson's testimony regarding the events immediately preceding the use of force is relevant in this case because Mr. Strasser's credibility is at issue. The crux of this case will ultimately rest on who the jury believes is telling the truth about what happened that night—either the officers or Mr. Strasser. Mr. Strasser had every reason to lie that evening; he was caught drunk driving and joyriding late in the evening with two young women who were not his wife. At trial, the defendants intend to attack the

credibility of Mr. Strasser by showing that he is either: (a) lying about what happened that night; and/or (b) that he was so intoxicated that his testimony is simply unreliable.

The defendants will attack Mr. Strasser's credibility in part through the testimony of Thomas Johnson by showing that Strasser's memory of the events is faulty. The Seventh Circuit has clearly stated that "the credibility of [a] witness 'can always be attacked by showing that his capacity to observe, remember or narrate is impaired.'" *Common v. City of Chicago*, 661 F.3d 940 (7th Cir. 2011), 943–44 (quoting *Sherrod v. Berry,* 856 F.2d 802 (7th Cir. 1988)). Mr. Strasser tells one version of the events immediately preceding the use of force whereas Mr. Johnson tells a very different story. At trial, the defendants will argue that Mr. Strasser's capacity to remember the night in question was significantly impaired by his consumption of alcoholic beverages. Mr. Johnson's testimony therefore is relevant to show that Mr. Strasser's testimony is not credible.

## II. The Probative Value of Johnson's Testimony Is Not Substantially Outweighed by a Danger of Unfair Prejudice.

This case rests on the credibility of the parties. As such, the probative value of any evidence attacking Mr. Strasser's credibility substantially outweighs any danger of unfair prejudice and FRE 403 should therefore not apply. The plaintiff argues that Johnson's testimony is "outlandish" and not probative simply because Mr. Strasser and Ms. Rogers tell different stories. (*See* Pl's Br. at 4, ECF No. 86). This argument is nonsensical; the credibility of one witness over another is an issue solely for the jury to decide.

2

In sum, Mr. Johnson's testimony is relevant to the issue of credibility and its probative value is not substantially outweighed by a danger of unfair prejudice. As such, the Court should deny the plaintiff's Motion in Limine No. 12 to exclude Thomas Johnson's testimony.

Dated at Milwaukee, Wisconsin this 25th day of March, 2018.

GRANT F. LANGLEY
City Attorney

**s/ Elleny B. Christopoulos**
Elleny B. Christopoulos
Assistant City Attorney
State Bar No. 1105495800
Naomi E. Gehling
Assistant City Attorney
State Bar No. 1061388
Attorneys for Defendants

City Hall 200 East Wells Street
Milwaukee, WI 53202
(414) 286-2601
Email: ngehli@milwaukee.gov
echris@milwaukee.gov