UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

JEFFREY STRASSER

        Plaintiff,

v.                                                  Case No. 14-CV-1456

ERIC RATZMANN and
RAY BOGUST

        Defendants.
_____

## DEFENDANTS' RESPONSE BRIEF REGARDING
## KEELYN ROGERS'S PRIOR STATEMENTS
_____

        The defendants, by their attorney, Grant F. Langley, City Attorney, by Assistant City Attorneys Naomi E. Gehling and Elleny B. Christopoulos, submit the following responsive brief to the plaintiff's request to admit and exclude certain evidence regarding prior statements of unavailable witness, Ms. Keelyn Rogers. (ECF No. 87).

**I.    Keelyn Rogers Deposition and IA Interview.**

        The defendants do not object to the admission of Ms. Keelyn Rogers's deposition testimony under Fed. R. Evid. 804(b). Similarly, they do not generally object to the admission of Ms. Rogers's Internal Affair interview under Fed. R. Evid. 803(5). The defendants object only to extent that the plaintiff has highlighted only portions of Ms. Rogers's interview to read in at trial. (*See* Pl's Ex. 2, ECF No. 87-2). If portions of the interview are admissible under 803(5), then the Court should find that the interview in its entirety is admissible as well.

## II. Police Reports Containing Statements by Keelyn Rogers Are Admissible Under the Business Records and Present Sense Impression Exceptions to the Hearsay Rule.

The Police Reports at issue contain statements from the interview of Ms. Rogers that occurred immediately following Mr. Strasser's arrest. Thomas Johnson, a former MPD sergeant, will testify at trial that he interviewed Ms. Rogers within minutes of the arrest. Similarly, Officer Ryan Young will testify that he spoke with Ms. Rogers shortly after the arrest. The statements in the reports contain a double layer of hearsay. Federal Rule of Evidence 805 governs multiple layers of hearsay. It provides: "Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule." Fed. R. Evid. 805.

As discussed below, the report itself is admissible as a business record under FRE 803(6). Further, Ms. Rogers's statements within that report are admissible as present sense impressions under FRE 803(1).

### A. The Police Reports Are Business Records Under FRE 803(6).

The police reports should be admitted under the business records exception to the hearsay rule found in FRE 803(6). The reports were created shortly after the incident in the regular course of police business. The plaintiff cites to one Seventh Circuit case, *Bracey v. Herringa*, 466 F.2d 702, 705 (7th Cir. 1972), that found certain prison reports inadmissible as business records because they were not trustworthy.[1] In *Bracey*, the

---

[1] Plaintiff's reliance on *Jordan v. Binns*, 712 F.3d 1123 (7th Cir. 2013), is misplaced because that case involved the admissibility of an insurance adjuster's report created after an accident investigation—not a police or prison report. The court in *Jordan* found that the report was inadmissible because it was "difficult to see what purpose, other than preparing for litigation, is served by an insurance adjuster's report created after an accident investigation." *Id.* at 1136.

2

documents the court found inadmissible were "prison records which included the self-serving statements of the defendants themselves as well as statements of other prison guards who were subject to possible Civil Rights Act liability." *Id.* at 705. However, in *Wheeler v. Sims*, 951 F.2d 796, 802 (7th Cir. 1992), a more recent Seventh Circuit case, the court elaborated on the principles set forth in *Bracey*. The court distinguished the prison records at issue in the case specifically because none of the entries in the documents were made by defendants in the case. As such, the court found that the documents at issue "fail[ed] to evince the inherent unreliability of the records in *Bracey*. *Id.*

Here, similar to *Wheeler,* none of the incident reports containing Ms. Rogers's statements were written by defendants in this case.[2] Even more significantly, the police reports at issue in this case have an additional layer of trustworthiness that was not present in any of the above-mentioned cases—Ms. Rogers reviewed the incident reports and had the opportunity to correct any inaccuracies during her deposition. (*See* Dep. of Keelyn Rogers, p.7:21-p.9:10, ECF No. 87-1). While it is true that Ms. Rogers was unable to remember specific details at her deposition in 2016 to say for certain that the statements in the report were accurate, she still had to the opportunity to review the reports for error. As such, the Court should find that the reports trustworthy and admissible as business records under FRE 803(6).

---

[2] The defendants recognize that both Thomas Johnson and Ryan Young were defendants in this case at one point. However, as evidenced by the fact that no claims remain against them, the focus of this case is and has always been the use of force by Officer Ratzmann. As he will testify at trial, then Sergeant Johnson interviewed Ms. Rogers as a as part of his duties as a supervising officer on scene that night.

3

Case 2:14-cv-01456-LA   Filed 03/25/18   Page 3 of 6   Document 90

### B. Ms. Rogers Statements in the Report Are Present Sense Impressions Under FRE 803(1).

The Seventh Circuit finds statements to be present sense impressions under FRE 803(1) when: "'(1) the statement must describe an event or condition without calculated narration; (2) the speaker must have personally perceived the event or condition described; and (3) the statement must have been made while the speaker was perceiving the event or condition, or immediately thereafter.'" *United States v. Boyce*, 742 F.3d 792, 797 (7th Cir. 2014) (quoting *United States v. Ruiz*, 249 F.3d 643, 646 (7th Cir. 2001). Here, Ms. Rogers was present during the plaintiff's entire encounter with the police. Thus, the only issues are whether the statements were made without calculated narration and whether the statements were made soon enough after the event.

The plaintiff comes to the conclusion that *all* of Ms. Rogers statements were deliberative based on the last statement she made. (*See* Pl's Br. at 5) ("ROGERS stated that now that it was all over, she believed that what they did was pretty stupid, that she should have never got into the car because she knew Jeff was drunk. She stated that she was sorry for what she did and that she learned a good lesson tonight."). The defendants concede that *this* portion of Ms. Rogers's statements is not a present sense impression and will not seek to admit that statement. Contrastingly, the remaining portion of the incident report contains non-deliberative statements merely indicating what happened that evening from Ms. Rogers's perspective. Ms. Roger's had no reason to lie—she had just met Mr. Strasser that evening—and even admitted to breaking the law as she was underage and told officers she had been drinking with Mr. Strasser and her roommate. As

4

such, the Court should find that these statements were non-deliberative impressions.

Finally, Ms. Rogers's statements were made immediately after the incident took place. As previously noted, Thomas Johnson, a former MPD sergeant, will testify at trial that he interviewed Ms. Rogers within minutes of the arrest. Similarly, Officer Ryan Young will testify that he spoke with Ms. Rogers shortly after the arrest. Unlike Ms. Rogers's IA interview that took place some two weeks after the event, Ms. Roger's statements immediately following the incident are the best evidence of her perception that night. As such, the Court should find Ms. Rogers's statements in the incident reports admissible as present sense impressions under FRE 803(1).

### III. Ms. Rogers's Statements Are Not More Prejudicial Than Probative.

The probative value of Ms. Rogers's statements in the incident reports is not substantially outweighed by unfair prejudice. Ms. Rogers's statements attack the credibility of the plaintiff because her accounting of the events that evening is substantially different than the story plaintiff tells. The credibility of the parties is the crux of this case. As such, the probative value of this evidence outweighs any danger of unfair prejudice.

5

Dated at Milwaukee, Wisconsin this 25th day of March, 2018.

GRANT F. LANGLEY
City Attorney

**s/ Elleny B. Christopoulos**
Elleny B. Christopoulos
Assistant City Attorney
State Bar No. 1105495
Naomi E. Gehling
Assistant City Attorney
State Bar No. 1061388
Attorneys for Defendants

800 City Hall 200 East Wells Street
Milwaukee, WI 53202
(414) 286-2601
Email: ngehli@milwaukee.gov
echris@milwaukee.gov